NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESUS R., DEANNA C., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, L.C., E.C., A.C., *Defendants/Appellees*.

No. 1 CA-JV 18-0376
FILED 3-19-2019

Appeal from the Superior Court in Maricopa County
No. JD31366
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Father*

Czop Law Firm PLLC, Higley
By Steven Czop
*Counsel for Mother*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Randall M. Howe joined.

---

**C A M P B E L L**, Judge:

¶1         Deanna C. ("Mother") and Jesus R. ("Father") appeal from the superior court's order terminating their parental rights. Mother argues insufficient evidence supports the termination of her parental rights based on her substance abuse and her children's out of home placement in excess of fifteen months. Father argues that if Mother's appeal is successful, this court should reverse his severance as well so the superior court may reconsider the termination of his rights under the factors articulated in *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246 (2000), regarding the length of his incarceration as well as the court's best interest determination. We have consolidated the parties' appeals and, because sufficient evidence supports the superior court's findings, we affirm.

**BACKGROUND**

¶2         Mother is the biological parent of three girls: L.C., born in 2008; E.C., born in 2011; and A.C., born in 2012. Father is the biological parent of the youngest child. Mother has a history of consuming alcohol to excess and, in September 2015, Mother tried to drive a car with the children while intoxicated. To prevent Mother from driving the children in that condition, Mother's sister tried to stop her, leading to a physical altercation between the women. During the altercation, Mother swung her purse at her sister, striking her sister and Mother's two youngest children, who the sister was holding. As a result of this incident, the children were taken into care by the Department of Child Safety ("DCS").

¶3         DCS filed a petition alleging that the children were dependent as to Mother due to substance abuse, physical abuse, and neglect and that the youngest child was dependent as to Father because he had no parental relationship with her and his whereabouts were unknown. Father later contacted DCS. The youngest child was placed in his care and the superior court dismissed her dependency action. Shortly thereafter, Father tested positive for THC and methamphetamines. DCS removed the child from Father's care and filed a second dependency petition. All three children

were subsequently placed with a maternal great aunt ("Great Aunt"). While in Great Aunt's care, the eldest child expressed reluctance to visit Mother but often attended visits to make sure her siblings were safe.

¶4          DCS referred Mother and Father to parent-aide services, drug screening, and substance abuse treatment. Both parents' participation was inconsistent. Father eventually lost contact with DCS. In mid-2016, Father was arrested and sentenced to three years in prison for misconduct involving weapons. Upon release, he will be placed on three years of supervised probation for shoplifting. In early 2017, Mother was arrested for DUI after she drove her vehicle into a tree. Later that year, the superior court changed the case plan from reunification to severance and adoption for both parents.

¶5          In August 2018 the superior court held a termination hearing. After hearing testimony and reviewing evidence, the court terminated the parental rights of both parents. Specifically, the superior court terminated Mother's parental rights under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(3) (chronic substance abuse) and § 8-533(B)(8) (fifteen months out-of-home placement) and Father's rights under § 8-533(B)(8) (fifteen months out-of-home placement).

¶6          The court found Mother had a history of chronic substance abuse. Based on failed drug screenings, the court found that Mother was unable to discharge parental responsibilities and that it was reasonable to believe Mother's chronic drug abuse would continue given the three-year history of the case and her drug history. For the same reasons, the court found that Mother had not remedied the circumstances that had caused the children to be in care. The court also found that Father had not remedied the circumstances that had caused the youngest child to be in care. The court noted that based on Father's inconsistent performance with DCS-referred services before he was incarcerated, nothing guaranteed that he would be successful in services when he was released. The court determined that termination would be in the children's best interests because they were together in an adoptive placement with Great Aunt, who had been caring for them for almost three years, thus establishing permanency and stability.

**DISCUSSION**

¶7          On appeal, Mother argues insufficient evidence supports the superior court's order terminating her rights on the statutory grounds of substance abuse and fifteen-months out-of-home placement. Father argues

that if Mother's appeal is successful, we should also reverse his termination of rights so the superior court may reconsider severance under the factors articulated in *Michael J.*, 196 Ariz. 246.

**¶8** We will not disturb the superior court's termination of parental rights unless its factual findings are clearly erroneous—that is, unless no reasonable evidence exists to support them. *See Minh T. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 76, 78-79, ¶ 9 (App. 2001). As the trier of fact in a termination proceeding, the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). Accordingly, we will not reweigh the evidence, but rather view all evidence and reasonable inferences therefrom in the light most favorable to affirming the superior court's order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009). "If clear and convincing evidence supports any one of the statutory grounds on which the superior court ordered severance, we need not address claims pertaining to the other grounds." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002). The court must also find by a preponderance of the evidence that severance is in the child's best interests. *See* A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005).

## I.   The court did not err in terminating Mother's parental rights.

**¶9** The superior court may terminate parental rights under A.R.S. § 8-533(B)(8)(c) if DCS "has made a diligent effort to provide appropriate reunification services" and

> [t]he child has been in an out-of-home placement for a cumulative total period of fifteen months or longer pursuant to court order . . . , the parent has been unable to remedy the circumstances that cause the child to be in an out-of-home placement and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future.

The relevant circumstances are those existing at the time of termination that prevent a parent from appropriately providing for his or her children. *See Jordan C.*, 223 Ariz. at 96, ¶ 31, n.14. The fifteen-months out-of-home placement termination ground does not require the superior court to measure the parent's efforts at remedying those circumstances, but rather to assess the parent's ultimate ability or inability to cure them. *See* A.R.S. § 8-533(B)(8)(a), (c).

**¶10**      It is undisputed that the children were in an out-of-home placement for fifteen months and that DCS made diligent efforts to provide services to Mother. Rather, Mother challenges the sufficiency of the evidence only as to the determination that she was unable to remedy the circumstances of placement and that she will be unable to properly and effectively parent the children in the near future. The record supports the juvenile court's determinations on both issues. At trial, the DCS case manager testified that the children could not be safely returned to Mother's care based on inconsistent sobriety, minimal participation in counseling, and recent positive drug testing. Although Mother participated in DCS-referred services, it was intermittent. The court had discretion to find that intermittent participation in services did not equate to legitimate behavioral change. Accordingly, sufficient evidence supports the juvenile court's findings.[1]

## II.     The court did not err in terminating Father's parental rights.

**¶11**      Father argues the trial court erred by failing to analyze the termination of his parental rights under *Michael J.*, which applies to severance adjudications under A.R.S. § 8-533(B)(4)—the length-of-incarceration ground. *See Michael J.*, 196 Ariz. at 251, ¶ 29. Father failed to raise this issue to the superior court and has therefore waived the issue on appeal. *See Paloma Inv. Ltd. P'ship v. Jenkins*, 194 Ariz. 133, 137, ¶ 17 (App. 1998) ("New arguments may not be raised for the first time on appeal."). As a further matter, Father argues that "if this Court determines that the trial court erred in its decision to terminate appellant Mother's parental rights, then fairness dictates that this Court assess how that incorrect decision impacting Mother" affected termination of his parental rights. Because we affirm the superior court's findings regarding the termination of Mother's parental rights, Father's argument fails.

**¶12**      Finally, although Father is incarcerated, length of incarceration was not the statutory basis for termination of Father's parental rights. Rather, the superior court terminated Father's rights under A.R.S. § 533(B)(8)(c)—the fifteen-month out-of-home placement ground. The *Michael J.* factors do not apply to an analysis of the fifteen-month out-of-home placement ground or the best interest assessment. *See Michael J.*, 196 Ariz. at 251, ¶ 29 (*Michael J.* is to be used in determining "when a[n]

---

[1]      Because we affirm the superior court's order granting severance on the basis of fifteen months in an out-of-home placement, we need not address Mother's argument concerning chronic substance abuse under A.R.S. § 8–533(B)(3). *See Jesus M.*, 203 Ariz. at 280, ¶ 3.

[incarceration] sentence is sufficiently long to deprive a child of a normal home for a period of years"). Because clear and convincing evidence supports the court's order on the basis of fifteen months in an out-of-home placement, and a preponderance of the evidence supports the court's determination that termination is in the child's best interest, we affirm the court's termination of Father's parental rights.

**CONCLUSION**

¶13 Because reasonable evidence supports the superior court's findings, we affirm termination of both Mother and Father's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:  AA